UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| THOMAS K. LAMPERT, as Trustee for the THOMAS K. LAMPERT IRREVOCABLE TRUST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TAMS MANAGEMENT, INC., SOUTHERN COAL CORPORATION,<br><br>　　　　Defendants. | Civil Action No. 5:15-cv-06746 |

## COMPLAINT

Plaintiff Thomas K. Lampert, as Trustee for the Thomas K. Lampert Irrevocable Trust, by and through his attorneys Brian A. Glasser and Isaac R. Forman, of the law firm of Bailey & Glasser LLP, bring this action against Tams Management, Inc. and Southern Coal Corporation to enforce the terms of an agreement between the parties. In support of this Complaint, the Plaintiff states as follows:

### PARTIES

1. Thomas K. Lampert, Trustee for the Thomas K. Lampert Irrevocable Trust, is a citizen of Pennsylvania.

2. The Thomas K. Lampert Trust is an irrevocable trust established under the laws of Pennsylvania.

3. Tams Management, Inc. is a West Virginia Corporation with its principal place of business in Beckley, West Virginia.

4. Southern Coal Corporation is a Delaware corporation with its principal place of business in Roanoke, Virginia.

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

7. On or about March 11, 2013, Defendant Tams Management, Inc. ("Tams") agreed to purchase from the Thomas K. Lampert Irrevocable Trust one hundred percent (100%) of the equity and membership interests of Newgate Development of Beckley, LLC. This agreement was reduced to writing and was executed by Thomas Lampert on behalf of the Thomas K. Lampert Irrevocable Trust, and by James C. Justice III on behalf of Tams. *See* Ex. A, Purchase Agreement.

8. The purchase price for the Newgate transaction included a royalty payment of four dollars ($4.00) for each ton of the first five hundred thousand (500,000) tons of coal mined and sold from the premises, plus one dollar ($1.00) for each ton of coal in excess of the first five hundred thousand tons of coal. This agreement was reduced to writing and was executed by the parties on March 11, 2013 contemporaneously with the purchase agreement. *See* Ex. B, Overriding Royalty Agreement.

9. The Overriding Royalty Agreement contains an acceleration provision whereby the Defendants agreed to promptly pay two million dollars ($2,000,000) in one lump sum in lieu of the initial royalty payment, upon the occurrence of certain specified acts or omissions. *See id.* at ¶3.

10. One such specified act or omission is any failure to comply with the "Purchaser Permit Approval Obligation," whereby Tams was required to pursue and secure approval, within ninety (90) days, of the transfer of all applicable permits for the Three Marie Mine located in the Slab Fork District of Raleigh County, West Virginia. Ex. A, at ¶2.05(a).

11. Tams further agreed that "time shall be of the essence" with respect to the Purchaser Permit Approval Obligation, and that any failure to meet the Purchaser Permit Approval Obligation "shall be a material event of default." *Id.*

12. Pursuant to the purchase agreement, Tams specifically agreed that the losses for any failure to perform would include, without limitation, reasonable attorneys' fees and costs.

13. Defendant Southern Coal Corporation agreed to unconditionally guarantee all of Tams' obligations. As a part of its guaranty, Southern Coal Corporation specifically agreed that the Plaintiff would be able to recover reasonable attorneys' fees and costs incurred in enforcing its rights, and that such costs would bear interest from the date incurred at an interest rate equal to the post-judgment interest rate set by the West Virginia Supreme Court of Appeals. This agreement was reduced to writing and was executed by James C. Justice III on behalf of Southern Coal Corporation. *See* Ex. C, Guaranty Agreement.

### COUNT I – BREACH OF CONTRACT (Tams Management, Inc.)

14. Tams failed to meet its Purchaser Permit Approval Obligation, and Plaintiff promptly demanded payment of the accelerated royalty payment. *See* Ex. D, June 11, 2013 Demand.

15. To date, Tams has not made the accelerated royalty payment required by the parties' agreement.

16. Tams' refusal constitutes a willful, deliberate, and intentional breach of contract.

### COUNT II – INDEMNITY (Tams Management, Inc.)

17. Pursuant to the purchase agreement, Tams Management, Inc. agreed to indemnify the Plaintiff against any and all losses which arise out of the nonfulfillment or failure to perform any covenant or agreement on the part of Tams Management, Inc. Tams Management, Inc. agreed that such losses include, without limitation, attorneys' fees and costs.

18. Tams Management, Inc. has not fulfilled and has failed to perform its obligation to pay the accelerated royalty payment, and has thereby caused the Plaintiff to incur losses for which the Plaintiff is entitled to contractual indemnity.

### COUNT III – BREACH OF GUARANTY AGREEMENT (Southern Coal Corporation)

19. Southern Coal Corporation unconditionally, irrevocably, and absolutely guaranteed Tams' performance of its contractual obligations, including payment of the overriding royalty payment and the indemnity to which Plaintiff is entitled.

20. Southern Coal Corporation agreed that Plaintiff is entitled to recover, inter alia, all costs or expenses incurred in enforcing its rights, including reasonable attorneys' fees and the costs and expenses of litigation, which will bear interest from the date that

such costs and expenses are incurred at an interest rate equal to the post-judgment interest rate set by the West Virginia Supreme Court of Appeals.

21. To date, Tams has not made the accelerated royalty payment or agreed to indemnify the Plaintiff, and is in breach of its contractual obligations.

22. To date, Southern Coal has not made the accelerated royalty payment or agreed to indemnify the Plaintiff, and is in breach of its obligations under the guaranty.

23. Southern Coal's refusal to make such payments or to honor its guaranty constitutes a willful, deliberate, and intentional breach of contract.

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment against the Defendants for the following:

A. Two million dollars ($2,000,000);

B. Actual damages

C. Compensatory damages;

D. Punitive and exemplary damages;

E. Reasonable attorneys' fees and costs;

F. Pre-judgment and post-judgment interest; and

G. All other relief the Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Thomas K. Lampert, as Trustee for the
Thomas K. Lampert Irrevocable Trust,

By Counsel.


/s/ Isaac R. Forman
Brian A. Glasser (WV Bar # 6597)
Isaac R. Forman (WV Bar #11668)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
bglasser@baileyglasser.com
iforman@baileyglasser.com