# EXHIBIT C

# GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (the "Agreement") is made and is effective this 11th day of March, 2013, by SOUTHERN COAL CORPORATION, a Delaware corporation, (the "Guarantor"), in favor of the THOMAS K. LAMPERT IRREVOCABLE TRUST DATED JANUARY 9, 2012, an irrevocable trust established under the laws of the Commonwealth of Pennsylvania (the "Beneficiary").

## Recitals

WHEREAS, Thomas K. Lampert, as Trustee for Beneficiary, ("Lampert"), and TAMS Management, Inc., a West Virginia corporation and an affiliate of Guarantor, ("Purchaser"), have entered into that certain Membership Interest Purchase Agreement dated on an even date herewith and other related documents, (the "Transaction Documents"), whereby Purchaser has agreed to (i) assume certain liabilities of Beneficiary, (ii) pay certain lump sum payments, and (iii) pay certain overriding royalties, in exchange for Lampert, as Trustee of Beneficiary, transferring the Membership Interests of Newgate Development of Beckley, LLC, a West Virginia limited liability company; and

WHEREAS, Lampert has required, as a prerequisite to entering into the Transaction Documents, that Guarantor unconditionally guarantee all obligations of Purchaser under the Transaction Documents, and Guarantor is willing to execute and deliver this Agreement as evidence of the aforementioned unconditional guarantee.

NOW, THEREFORE, in consideration of and as a specific inducement for Beneficiary to enter into the Transaction Documents with Purchaser, Guarantor hereby agrees with and represents to Beneficiary as follows:

1. **Representations and Warranties**. The Guarantor represents and warrants as follows:

    (a) The Guarantor (i) is a corporation, duly organized and validly existing, and in good standing under the laws of the State of Delaware; (ii) has the power and authority, respectively, to carry on its business, to own its property, and to transact the business in which it is now engaged and proposes to be engaged; (iii) is duly qualified under the laws of each other state in which such qualification is required; (iv) has all necessary licenses, permits, consents or approvals from or by, and has made all filings with, any governmental authority having jurisdiction over it, with respect to this Agreement and the obligations relating hereto; and (v) has provided Beneficiary with true, correct and complete copies of all documents related to its formation and operation.

(b) The Guarantor is duly authorized to execute, deliver and perform its obligations pursuant to this Agreement and each of the Transaction Documents to which it is a party, without obtaining the consent of any other Person. This Agreement and the Transaction Documents to which it is a party have been duly authorized by all requisite action of Guarantor. The execution, delivery and performance by Guarantor of this Agreement and each of the Transaction Documents to which it is a party will not: (i) require additional consent or approval of any Person; (ii) contravene Guarantor's Articles of Incorporation, bylaws, or other agreements pertaining to Guarantor; (iii) violate any provision of any Law, order, writ, judgment, injunction, decree, determination, or award presently in effect having applicability to Guarantor; (iv) result in a breach of or constitute a default under any indenture or loan or credit agreement or any other agreement, lease, or instrument to which Guarantor is a party or by which Guarantor or its properties may be bound or affected; (v) result in, or require, the creation or imposition of any Lien, upon or with respect to the Collateral now owned or hereafter acquired by Purchaser, except that of Beneficiary; or (vi) cause Guarantor to be in default or breach under any Law, order, writ, judgment, injunction, decree, determination or award, or any indenture, agreement, contract, lease or instrument.

(c) This Agreement and each of the Transaction Documents to which Guarantor is a party, is and when delivered will constitute the legal, valid and binding obligation of Guarantor, enforceable against Guarantor, as applicable, in accordance with their respective terms, except to the extent that such enforcement may be limited by applicable bankruptcy, insolvency and other similar laws effecting Beneficiary's rights and remedies generally.

(d) No Event of Default under this Agreement or under any Transaction Document to which Guarantor is a party has occurred. Guarantor has satisfied any judgments entered against it, and is not in default with respect to any judgment, writ, injunction, decree, rule or regulation of any court, arbitrator, or federal, state, municipal, or other governmental authority, commission, board, bureau, agency or instrumentality, domestic or foreign.

(e) Guarantor is in compliance with all applicable federal, state and local Laws in all material respects and has obtained all required federal, state and local permits, licenses and approvals, pertaining to its business and operations.

(f) All information at any time furnished by the Guarantor to the Beneficiary concerning the financial condition or otherwise of the Guarantor for purposes of the Transaction Documents is, and so long as any part of the obligations identified under the Transaction Documents, or any extensions or renewals thereof remain outstanding, will be at the time the same is furnished, accurate and correct in all material aspects and complete insofar

as completion may be necessary to give Beneficiary true and accurate knowledge with respect thereto.

(g) There are no actions, suits or proceedings pending against Guarantor or, to the knowledge of Guarantor, threatened against or affecting Guarantor in any court or before or by any governmental department, agency or instrumentality, an adverse decision in which might materially and adversely affect the financial condition of Guarantor or the ability of Guarantor to perform its obligations under this Agreement.

2. **Guaranty**. Guarantor, as a primary obligor and not merely as a surety, hereby UNCONDITIONALLY, IRREVOCABLY AND ABSOLUTELY GUARANTEES to the Beneficiary, the due and prompt performance of all obligations of Purchaser evidenced by or arising out of the Transaction Documents, including, but not limited to, the due and punctual payment of overriding royalty payments owed by Purchaser under that certain Overriding Royalty Agreement dated on an even date herewith (the "Overriding Royalty Agreement"), together with all renewals, extensions, amendments, substitutions or modifications thereof, and the due and punctual payment of all other payments, fees or other charges now or hereafter owed by the Purchaser under the Transaction Documents, as and when the same shall become due and payable, whether at maturity, by acceleration or otherwise, according to the terms of the Transaction Documents, and all losses, costs, expenses and attorneys' fees incurred by reason of a default hereunder or under the Transaction Documents (collectively, the "Guaranty").

(a) To the extent permitted by law, the Guarantor hereby agrees that its obligations hereunder shall be unconditional, irrespective of (i) the validity, regularity or enforceability of the Transaction Documents, (ii) the absence of any attempt by the Beneficiary to collect from the Purchaser or other action to enforce the same, (iii) the failure of Beneficiary to obtain or perfect any lien against the Purchaser or against property owned by Purchaser, (iv) the waiver, release, amendment or consent by the Beneficiary with respect to any provisions of the Transaction Documents, or (v) any other circumstances which might otherwise constitute or provide a basis for the legal or equitable discharge of or any defense for the Guarantor.

(b) Beneficiary shall not be required, prior to any demand upon, or payment by, the Guarantor, to make any demand upon or to pursue or exhaust any of its rights or remedies against the Purchaser with respect to the payment of the obligations under the Transaction Documents. All of the Guarantor's obligations under this Agreement are independent of the obligations of the Purchaser under the Transaction Documents and a separate action may be brought against the Guarantor whether or not an action is commenced against the Purchaser.

(c) To the extent permitted by law, the Guarantor agrees that the Beneficiary may and hereby authorizes the Beneficiary without notice, either before or after any of the actions specified in this Section, and without affecting the Guarantor's liability hereunder, from time to time to (i) renew, extend, accelerate or otherwise change the time for payment of any or all payments required of the Purchaser under the Transaction Documents; (ii) accept partial payments from Purchaser in connection with the Transaction Documents; (iii) take and hold security for the payment of this Agreement or the payments guaranteed hereby, and exchange, enforce, waive and release any or all such security; (iv) apply such security and direct the order or manner of sale thereof as the Beneficiary in its sole discretion may determine; and (v) settle, release, compromise, collect or otherwise liquidate any indebtedness and any security therefor in any manner, without affecting or impairing the obligation of the Guarantor hereunder. The Beneficiary may from time to time assign this Guaranty, or any of the Transaction Documents, in whole or in part, without notice to Guarantor.

(d) Guarantor shall not have any right of subrogation, and Guarantor waives any right to enforce any remedy which the Beneficiary now has or may hereafter have against the Purchaser, and Guarantor further waives any benefit of, and any right to participate in, any security now or hereafter held by the Beneficiary. Guarantor waives all setoffs and counterclaims and all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, and notices of acceptance of this Agreement and of the existence, creation, or incurring of new or additional indebtedness.

(e) No delay on the part of the Beneficiary to exercise any right or remedy shall operate as a waiver thereof, and no single or partial exercise of any right or remedy shall preclude any further exercise thereof or the exercise of any other right or remedy; nor shall any modification or waiver of any of the provisions of this Agreement be binding upon the Beneficiary except as expressly set forth in a writing duly signed and delivered on behalf of the Beneficiary. No action of the Beneficiary permitted hereunder shall in any way affect or impair the rights of the Beneficiary or affect or impair the obligation of the Guarantor under this Agreement.

(f) It is specifically understood that any modification, limitation or discharge of the indebtedness hereby guaranteed, arising out of or by virtue of any bankruptcy, reorganization or similar proceeding of Purchaser for relief of creditors under federal or state Law will not affect, modify, limit or discharge the liability of the Guarantor in any manner whatsoever and that this Agreement will remain and continue in full force and effect and will be enforceable against the Guarantor to the same extent and with the same force and effect as if any such proceeding had not been instituted.

3. **Covenants.** Guarantor covenants and agrees, so long as any portion of the Guaranty is due and owing to Beneficiary, the following:

(a) Guarantor shall maintain in good standing its existence in the State of Delaware, and shall obtain and maintain all licenses, permits, registrations, trademarks, service marks, and qualifications necessary for the conduct of its businesses and operations in other States and Commonwealths. Guarantor shall perform and observe all of the terms and provisions of its certificate of formation and operating agreement.

(b) Guarantor shall comply with all applicable local, state and federal laws in all material respects.

(c) Guarantor shall give prompt written notice to Beneficiary of (i) any material breach of any of the covenants contained in this Guaranty; (ii) the commencement of any action, litigation or proceeding against or relating to Guarantor involving damages in excess of $250,000.00; (iv) any loss of or damage to any assets of Guarantor that could result in a material adverse effect to the business, operations, revenues, property or business prospects of Purchaser or Guarantor; and (v) any material changes or modifications to material contracts, indentures or agreements to which Guarantor is a party.

(d) Upon the written request of Beneficiary, Guarantor shall promptly deliver to Beneficiary such other and further information about the business, operations, revenues, condition (financial or otherwise), property or business prospects of Guarantor as Beneficiary may, from time to time, reasonably request.

4. **Costs.** To the extent that the Beneficiary incurs any costs or expenses in protecting or enforcing its rights under this Agreement or the Transaction Documents, including, but not limited to, reasonable attorneys' fees and the costs and expenses of litigation, such costs and expenses will be due by Guarantor on demand from Beneficiary, will be included in the obligations guaranteed hereby and will bear interest from the date that such costs and expenses are incurred at an interest rate equal to the post-judgment interest rate set by the West Virginia Supreme Court of Appeals on an annual basis.

5. **Notices**. Any notices given or required to be given hereunder shall be given to the parties at their respective address below:

|  |  |
|--|--|
| If to Beneficiary: | THOMAS K. LAMPERT IRREVOCABLE TRUST |
|  | 114 Bremen Lane |
|  | McMurray, Pennsylvania 15317 |
|  | Attention: Thomas K. Lampert, Trustee |

With a copy to:

JONES & ASSOCIATES
P.O. Box 1989
Charleston, West Virginia 25327
Attention: E. Forrest Jones, Jr., Esq.

If to Purchaser:   TAMS Management, Inc.
302 S. Jefferson Street
Roanoke, Virginia 24011
Attention: James C. Justice, III

With a copy to:

JUSTICE COMPANIES
302 S. Jefferson Street
Roanoke, Virginia 24011
Attention: Steve Ball

If to Guarantor:   [_____]
[_____]
[_____]
[_____]

6. **Definitions**. Any capitalized term used in this Agreement, and not defined herein, shall have the meaning ascribed to it under the Transaction Documents.

7. **Applicable Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of West Virginia, without regard to its conflicts-of-law rules.

8. **Severability**. In case any clause, provision, or sections of this Agreement, or any application thereof, is for any reason held to be illegal, invalid or inoperable, such illegality, invalidity or inoperability shall not affect the remainder thereof or any other clause, provision or section, and each such clause, provision or section shall be deemed to be effective and operative in the manner and to the full extent permitted by law.

9. **Consent to Jurisdiction**. Guarantor hereby irrevocably (a) agrees that any suit, action or other legal proceeding arising out of or relating to this Guaranty may be brought in any federal or state court located or sitting in Raleigh County, West Virginia and consents to the jurisdiction of such court in any such suit, action or proceeding and (b) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any such court and any claim that any such suit, action or proceeding has been brought in an inconvenient forum.

10. **Cross-Default**. A default by Guarantor under the terms and conditions of this Agreement shall also be and constitute a default by Purchaser under the terms and conditions of all of the other Transaction Documents.

IN WITNESS WHEREOF, the duly-authorized representative of Guarantor has executed this Agreement as of the date first above written.

**SOUTHERN COAL CORPORATION,**
a Delaware corporation,

By: _____
Name: _____
Its: _____

### Notary Acknowledgement of Southern Coal Corporation

STATE OF West Virginia

COUNTY OF Raleigh ; to-wit:

The foregoing instrument was acknowledged before me this 14th day of March, 2013, by James C. Justice III the EVP of Southern Coal Corporation, a Delaware corporation, on behalf of the aforesaid corporation.

My commission expires: 8/21/20

_____
Notary Public

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
LESLIE WELLS
366 MAPLE FORK ROAD
MT. HOPE, WV 25860
My commission expires August 21, 2020