IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| THOMAS K. LAMPERT, as Trustee for the THOMAS K. LAMPERT IRREVOCABLE TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:15-cv-06746 |
| v. | ) ) ) | |
| TAMS MANAGEMENT, INC., SOUTHERN COAL CORPORATION, | ) ) ) | |
| Defendants. | ) | |

### Memorandum in Support of Plaintiff's Motion for Summary Judgment

Defendant Tams Management, Inc. ("Tams") purchased valuable Raleigh County coal reserves from the Plaintiff. The various agreements, reduced to writing and executed on March 11, 2013, included a $2,000,000 royalty payment and an acceleration clause that was offered as an inducement for Plaintiff to sell. The initial royalty was premised upon a price per ton of coal mined from the premises. Pursuant to the acceleration clause, Tams specifically agreed to pay the entire $2,000,000 in one lump sum if the applicable permits were not transferred within ninety (90) days. Defendant Southern Coal Corporation ("Southern Coal") guaranteed the performance of all of Tams' obligations under the agreements, including the royalty payment. The permits were not transferred within ninety days, and neither Tams nor Southern Coal have honored their contractual obligations. There is no dispute as to any material fact, and the Plaintiff is entitled to judgment as a matter of law. The Plaintiff therefore requests the entry of summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, with respect to the Defendants' liability under the contracts.

## STATEMENT OF THE CASE

On March 11, 2013, Tams purchased the equity and membership interests of Newgate Development of Beckley, LLC. *See* Ex. A, Purchase Agreement. The price included an Initial Royalty Amount of four dollars ($4.00) per ton for the first five hundred thousand (500,000) tons of coal mined from the premises, for a total of two million dollars ($2,000,000). *See* Ex. B, Overriding Royalty Agreement, at ¶1(a). Defendant Southern Coal unconditionally guaranteed all of Tams' obligations. *See* Ex. C, Guaranty Agreement.

The Overriding Royalty Agreement includes an acceleration clause which requires the Defendants to pay the entire Initial Royalty Amount in a lump sum upon the occurrence of certain conditions. Ex. B, at ¶3. One such condition is a failure to satisfy the "Purchaser Permit Approval Obligation." Ex. A, at ¶2.05(a); Ex. B, at ¶3(a)(i). The Purchaser Permit Approval Obligation requires that transfer of the mining permits "<u>shall be completed in its entirety before the expiration of ninety (90) calendar days following the Closing.</u>" Ex. A, at 2.05(a) (emphasis added). The parties agreed that "time shall be of the essence" regarding the Purchaser Permit Approval Obligation, and that any failure to meet the Purchaser Permit Approval Obligation "shall be a material event of default." *Id.*

The closing occurred on March 11, 2013. The ninety-day permit transfer period expired on June 9, 2013. DEP Permit #S301411 was not transferred until July 15, 2013. *See* Ex. D. NPDES Permit WV1026488 was not transferred until August 12, 2013. *See* Ex. E. Because the permit transfers were not completed before June 9, 2013, according to the clear and unambiguous terms of the agreements, Tams is obligated to make a lump sum payment of $2,000,000 to Plaintiff. They did not and, as of this filing, have not. Similarly, Southern Coal has not honored its guaranty.

## LEGAL STANDARD

This diversity case is governed by West Virginia contract law. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013). In West Virginia, "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syl. Pt. 4, *Zimmerer v. Romano*, 679 S.E.2d 601 (W. Va. 2009). "The mere fact that parties do not agree to the construction of a contract does not render it ambiguous." Syl. Pt. 3, *Fraternal Order of Police v. City of Fairmont*, 468 S.E.2d 712 (W. Va. 1996). Breach of contract claims are "particularly suited for summary judgment," because the court can "ascertain the meaning of the agreement as manifested by its language" and "enforce it as written." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 835 (4th Cir.1999); *Fraternal Order of Police*, 468 S.E.2d at 716.

## ARGUMENT

The terms of the parties' agreements are clear: If Tams failed to complete the permit transfers within ninety (90) days, then Tams would pay the entire Initial Royalty Amount of $2,000,000 in one lump sum. The importance of this term cannot be understated. When part of the purchase price is paid as a royalty, it is imperative that the purchaser obtain the approvals that are necessary to mine coal. Here, the purchaser is an entity owned and controlled by James C. Justice III. It is no secret that the companies under Mr. Justice's control have repeatedly accumulated sufficient regulatory violations that they have been blocked by the Federal Government from obtaining new permits or transferring existing permits. Cognizant of this risk, Tams offered an inducement to the Plaintiff in order to consummate the sale: If the permits were not transferred in their entirety within ninety days, the entire royalty would be paid in one lump sum.

3

The permits were not transferred by June 9, 2013. *See* Exs. D and E. According to the clear and unambiguous terms of the parties' written agreement, the Plaintiff is entitled to summary judgment. Additionally, Tams agreed to indemnify the Plaintiff against all losses which arise out of its failure to perform any covenant in the parties' agreement, and agreed that such losses include attorneys' fees and costs. *See* Ex. A, at ¶10.02. As a further inducement and safeguard against exactly this type of non-performance, Southern Coal unconditionally, irrevocably, and absolutely guaranteed Tams' performance under the agreements, including the royalty payment and indemnity provisions. *See* Ex. C, at ¶2. Southern Coal also agreed that Plaintiff may recover all costs or expenses incurred in enforcing its rights, including reasonable attorneys' fees and the costs and expenses of litigation, which will bear interest from the date that such costs are incurred at an interest rate equal to the post-judgment interest rate set by the West Virginia Supreme Court of Appeals. *See id.* at ¶ 4.

The Defendants deny none of the factual allegations which give rise to this case. *See* Defs.' Answer, ECF No. 7, at ¶¶7-13. Instead, regarding every factual allegation, the Defendants assert that the facts are "not appropriate for admission or denial because the document referred to therein, being in writing, speaks for itself." *Id.* In other words, Defendants agree that the clear and unambiguous language contained by the "four corners" of the agreements control. As explained below, that makes this case appropriate for the grant of summary judgment in favor of Plaintiff.

### A. Tams Management is in Breach of the Purchase Agreement

In Count I, the Plaintiff alleges that Tams failed to satisfy the Purchaser Permit Approval Obligation, and that Tams has not made the Initial Royalty Payment required by the acceleration clause of the Royalty Agreement. The Defendants admit that they have not made payment, and

assert that their payment obligation depends upon a document which "being in writing, speaks for itself." Defs.' Answer, ECF No. 7, at ¶14.

There is no dispute as to any material fact, and no question that Tams failed to satisfy the Purchaser Permit Approval Obligation set forth in ¶ 2.05(a) of the Purchase Agreement. There is also no question that Tams must honor its obligation and pay the Accelerated Royalty Payment contained in ¶ 3(a) of the Overriding Royalty Agreement. Based upon the parties' written agreements, Plaintiff is entitled to summary judgment regarding Count I of the Complaint.

### B. Tams Management is in Breach of its Indemnification Obligations

In Count II, the Plaintiff alleges that Tams agreed to indemnify the Plaintiff against all losses which arise out of the nonfulfillment or failure to perform any of its covenants or agreements, and that Tams specifically agreed that its indemnification obligations include attorneys' fees and costs. Tams does not deny that it entered into the operative agreement, but asserts that its liability is "not appropriate for admission or denial," because Count II is premised upon a written document which speaks for itself. ECF No. 7, at 17.

There can be no doubt but that Tams agreed to indemnify the Plaintiff against all losses arising from Tams' breach, and that the indemnification obligation includes attorneys' fees and costs. Plaintiff is therefore entitled to summary judgment regarding liability for Count II. All that will remain is a determination of the Plaintiff's damages.

### C. Southern Coal is in Breach of the Guaranty Agreement

In Count III, the Plaintiff alleges that Southern Coal unconditionally, irrevocably and absolutely guaranteed Tams' performance, and that as a part of its guaranty, Southern Coal agreed that Plaintiff may recover all costs or expenses incurred in enforcing its rights. Southern Coal denies that it guaranteed Tams' obligations, and acknowledges that the factual allegations

5

underlying Count III are "not appropriate for admission or denial," because Count III is premised upon written documents which speak for themselves. ECF No. 7, at ¶¶13, 19-23.

There is no dispute as to any material fact. The Defendants agree this case turns entirely on documents which speak for themselves. Based on a straightforward application of the parties' written agreement, the Plaintiff is entitled to summary judgment regarding Count III of the Complaint. Southern Coal's liability under Count III will include the $2,000,000 Accelerated Royalty Payment, plus the costs and expenses in this collection action.

## CONCLUSION

This case involves sophisticated business entities who consummated a transaction for the sale of valuable Raleigh County coal reserves. As a part of that sale, the buyer agreed that, if the permits were not completely transferred within ninety days of the closing, then the buyer would pay, in one lump sum, the entire $2,000,000 Initial Royalty Payment. The permit transfers were not completed in time, yet the buyer and guarantor refuse to honor their payment obligations. All that remains is for the Court to apply and enforce the parties' written agreements. There is no dispute as to any material fact, and the Plaintiff is entitled to judgment as a matter of law.

Thomas K. Lampert, as Trustee for the
Thomas K. Lampert Irrevocable Trust,

By Counsel.

/s/ Isaac R. Forman
Brian A. Glasser (WV Bar #6597)
Russell Soloway (Admitted *Pro Hac Vice*)
Isaac R. Forman (WV Bar #11668)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
bglasser@baileyglasser.com
rsoloway@baileyglasser.com
iforman@baileyglasser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS K. LAMPERT, as Trustee )
for the THOMAS K. LAMPERT )
IRREVOCABLE TRUST, )
                                                            )
     Plaintiff, )     Civil Action No. 5:15-cv-06746
                                                            )
v. )
                                                            )
TAMS MANAGEMENT, INC., )
SOUTHERN COAL CORPORATION, )
     Defendants. )

**Certificate of Service**

    I certify that on this <u>6th</u> day of August, 2015, I electronically filed the foregoing **Memorandum in Support of Plaintiff's Motion for Summary Judgment** with the Clerk of the Court using CM/ECF system, which will automatically send notification of such filing to the following counsel of record:

        John F. Hussell, IV
        Andrew L. Ellis
        John D. Wooten, Jr.
        Wooten, Wooten, David, Hussell & Ellis, PLLC
        P. O. Box 3971
        Charleston, West Virginia 25339

                                                    */s/ Isaac R. Forman*
                                                    Isaac R. Forman