UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS K. LAMPERT, as Trustee
for the THOMAS K. LAMPERT
IRREVOCABLE TRUST,

        Plaintiff,

v.                                       Civil Action No.  5:15-cv-06746

TAMS MANAGEMENT, INC.,
SOUTHERN COAL CORPORATION,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This is a breach of contract case over a contract that has been fully performed by Defendants, although the performance occurred approximately sixty (60) days late. Specifically, under the contract at issue, Defendant, Tams Management, Inc. ("Tams"), was to cause the transfer of two (2) mining permits by June 9, 2013. Tams promptly and diligently pursued approval by the West Virginia Department of Environmental Protection (WVDEP) to have the permits transferred. However, WVDEP did not approve transfer of the permits by June 9, 2013. Significantly, Tams obtained approval shortly thereafter, on July 15, 2013 and August 12, 2013, respectively. Nevertheless, Plaintiff sued Defendants for breach of contract and is seeking Two Million Dollars ($2,000,000.00) in damages under a royalty acceleration provision in the contract. The Defendants assert that the royalty acceleration provision constitutes a liquidated damages provision and is, therefore, unenforceable under West Virginia law. Accordingly, there

is no genuine issue of material fact and Defendants are entitled to judgment in their favor as a matter of law.

## LEGAL STANDARD

Summary judgment is appropriate where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law, taking into account that the party opposing a Motion for Summary Judgment is entitled to all favorable inferences which can be drawn from the evidence. *Kinney v. Daniels*, 574 F. Supp. 542 (S.D. W. Va. 1983). Summary judgment involves a threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *University of W.Va. Bd. of Trustees v. Van Voorhies*, 84 F. Supp. 2d 759 (N.D. W. Va. 2000), aff'd, sub nom. *University of W.Va. v. Van Voorhies*, 278 F.3d 1288 (Fed. Cir. 2002).

## ARGUMENT

The contract at issue in this matter is an Overriding Royalty Agreement that contains a provision which provides, in relevant part:

> Tams shall promptly pay Two Million Dollars ($2,000,000.00) in one lump sum payment…in the event that one or more of the following acts or omissions occur:
>
> (i)     Tams does not satisfy the Purchaser Permit Approval Obligation (as defined under the Purchase Agreement) within ninety (90) days hereof…

Ex. B to Complaint, Overriding Royalty Agreement, at ¶ 3(a) (hereinafter "royalty acceleration provision").

Under West Virginia law, parties may properly contract for liquidated damages (1) where such damages are uncertain and not readily capable of ascertainment in amount by any known or safe rule, whether such uncertainty lies in the nature of the subject, or in the particular

circumstances of the case; or (2) where from the nature of the case and tenor of the agreement, it is apparent that the damages have already been the subject of actual fair estimate and adjustment between the parties. *See, e.g., Gateway Towne Centre, LLC v. First United Bank & Trust,* 2011 WL 3877010 (N.D.W. Va. Sept. 2, 2011); *Wheeling Clinic v. Van Pelt*, 453 S.E.2d 603 (W.Va. 1994). However, a clause for damages in a contract is a penalty rather than a liquidated damage provision when the amount is grossly disproportional in comparison to the damages actually incurred, even if the provision is denominated as liquidated damages in the contract. *Gateway Towne Centre, LLC* at p. 17, W*heeling Clinic* 453 S.E.2d at 609. Further, in determining whether a clause in a contract stating a sum to be paid in the event of a breach of the contract is liquidated damages or a penalty, the important question is not the intention of the parties but rather the reasonableness in fact of the agreed sum when the contract was made. *Id.* Importantly, "a reviewing court must look retrospectively to determine whether a disputed liquidated damages clause would impose a penalty if enforced." *Gateway Towne Centre, LLC* at p. 17, citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 99 (Tenn. 1999). It is also important to note that "in West Virginia the party seeking to enforce a liquidated damages clause bears the burden of proving that such damages are not a penalty." *Gateway Towne Centre, LLC* at p. 18, citing *W. Va. Pub. Employees Ins. Bd. V. Blue Cross Hospital Service* Incorporated, 328 S.E.2d 356, 359 (W. Va. 1985).

In this case, the parties might have properly contracted for liquidated damages in the event that Tams was not able to cause the transfer of two (2) mining permits by June 9, 2013, because the exact amount of monetary damages resulting from Tams' inability to transfer the permits by that date was uncertain and incapable of ascertainment by any acceptable method at the time of the contract. However, Two Million Dollars ($2,000,000.00)—the amount of

3

damages called for under the Overriding Royalty Agreement—is undoubtedly grossly disproportional in comparison to the damages the Plaintiff actually incurred as a result of Tams' inability to compel the WVDEP to transfer the permits on or before June 9, 2013.[1]  In light of this, the amount of damages sought by Plaintiff under the Overriding Royalty Agreement is unreasonable.

It is important to note that it is undisputed that Tams was able to transfer the permits within a short amount of time after June 9, 2013.  As a result, the remainder of the contract at issue has presumably been performed[2] and Plaintiff has received the full benefits of the contract, notwithstanding the royalty acceleration provision.  Accordingly, Plaintiff should not be able to use the royalty acceleration provision as a means of reaping a windfall when its actual damages, if any, are "grossly disproportionate" to the "liquidated damages" it seeks to recover.

In response to Defendants' argument that the royalty acceleration provision is a liquidated damages provision, Plaintiff stated that:

> The Courts of West Virginia, along with the Fourth Circuit, have consistently enforced *royalty provisions*, have never treated a *royalty* as liquidated damages, and the Defendants have not supplied a single case or other authority suggesting that a *royalty* can be construed as liquidated damages.

(emphasis added)  Reply in Support of Plaintiff's Motion for Summary Judgment, p. 1.  First, Plaintiff fails to recognize the distinction between "royalty provision" and "royalty acceleration provision."  The Plaintiff cites several decisions involving the enforcement of royalty payment provisions in general.  However, not one of the cases cited directly addresses the acceleration of the royalty payment upon the occurrence of a certain event.  The Defendants in no way suggest that all royalty provisions are invalid or unenforceable under West Virginia law, nor do the

---

[1] Plaintiff has not alleged and has not provided any evidence that it incurred any monetary or other damages whatsoever as a result of Tams not transferring the permits on or before June 9, 2013.

[2] Plaintiff's Complaint does not assert any other breaches of the contract at issue.

4

Defendants disagree that "royalty" is defined by West Virginia law as "a payment to the owner of minerals in place for the privilege of removing and appropriating the same, and is ordinarily based upon the quantity of the mineral produced." However, Defendants suggest that royalty *acceleration* provisions that are penal in nature should not be enforceable, which Plaintiff fails to address in its Reply in Support of Motion for Summary Judgment.

Second, there are decisions and authorities from other jurisdictions construing acceleration clauses in contracts as liquidated damages. For example, in *Banc of America Leasing & Capital, LLC v. Walker Aircraft, LLC* 2009 WL 323885 (D. Minn. 2009), the loan contract at issue contained acceleration clauses allowing the lender to demand the full balance of the loans to be due and payable upon the occurrence of specific events or nonperformance by the borrowers. The borrowers failed to make payments, thereby triggering one of the acceleration clauses. The court held that an acceleration clause is unenforceable if it can be triggered by any breach of the contract's terms, whether serious or trivial, because a party breaching a minor term of the contract would be forced to pay an amount that is disproportionate to the harm such breach caused the other party. Another court, in addressing an acceleration clause in a loan contract, stated that "immediate liability for [an] entire debt is not a reasonable measure of any probable loss associated with [a minor breach of the contract]." *ING Real Estate Finance (USA) LLC v. Park Avenue Hotel Acquisition LLC*, 2010 WL 653972 (N.Y. Sup. Feb. 24, 2010).

Applying the foregoing decisions to the present matter, the royalty acceleration provision would require the Defendants to pay the entire royalty amount for a minor or trivial breach which is disproportionate to the harm or probable loss such breach caused the Plaintiff. Under the logic of the foregoing decisions and the analytical framework set forth in *Gateway*

*Towne Centre, LLC, supra,* the royalty acceleration provision should be deemed unenforceable because the Plaintiff cannot meet its burden in the present matter.

## CONCLUSION

Summary Judgment in favor of the Defendants is appropriate in this case as the contract provision relied upon by Plaintiff is a penalty rather than a liquidated damages provision as the amount stated therein is grossly disproportional in comparison to the damages actually incurred by the Plaintiff, and is unenforceable under West Virginia law.  For all of the foregoing reasons, Defendants are entitled to judgment as a matter of law.

**Respectfully submitted,**

**TAMS MANAGEMENT, INC., and**
**SOUTHERN COAL CORPORATION,**

/s/ John F. Hussell, IV
John F. Hussell, IV - WV State Bar No.  6610
Andrew L. Ellis – WV State Bar No.  10618
John D. (Jody) Wooton, Jr. – WV State Bar No.  10512
**WOOTON, WOOTON & DAVIS, PLLC**
Post Office Box 3971
Charleston, West Virginia 25339
Phone: (304) 345-0709  Fax:  (304) 345-4607
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
jody.wooton@wwdhe.com
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS K. LAMPERT, as Trustee
for the THOMAS K. LAMPERT
IRREVOCABLE TRUST,

        Plaintiff,

v.                                      Civil Action No.  5:15-cv-06746

TAMS MANAGEMENT, INC.,
SOUTHERN COAL CORPORATION,

        Defendants.

**CERTIFICATE OF SERVICE**

      John F. Hussell, IV, Andrew L. Ellis, John D. (Jody) Wooton, Jr., and the law firm of

WOOTON, WOOTON, & DAVIS, PLLC, hereby certify that the foregoing "**MEMORANDUM**

**OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**"

was electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following CM/ECF participants:

Brian A. Glasser, Esquire
Russell Soloway, Esquire
Isaac R. Foreman, Esquire
Bailey & Glasser LLP
209 Capitol Street
Charleston, West Virginia 25301

Done this 17th day of November, 2015.

                                         /s/ John F. Hussell, IV