UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS K. LAMPERT, as Trustee
for the THOMAS K. LAMPERT
IRREVOCABLE TRUST,

    Plaintiff,

v.    Civil Action No. 5:15-cv-06746

TAMS MANAGEMENT, INC.,
SOUTHERN COAL CORPORATION,

    Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE NOT PRODUCED BY DEFENDANTS IN DISCOVERY**

    Come now the Defendants, Tams Management, Inc. and Southern Coal Corporation, by counsel, John F. Hussell, IV, Andrew L. Ellis, John D. (Jody) Wooton, Jr., and the law firm of WOOTON, DAVIS, HUSSELL & ELLIS, PLLC, and submit this Response in Opposition to Plaintiff's Motion *In Limine* to Exclude Evidence Not Produced by Defendants in Discovery as follows:

## ARGUMENT

**1.    Discovery is Unnecessary Because There are No Genuine Issues of Material Fact.**

    Throughout most of these proceedings, all parties have maintained that there are no disputes with respect to any material facts and that the issues in controversy are purely of a legal nature. During the early stages of this litigation, in responding to Plaintiff's Motion for Summary Judgment, the Defendants believed and asserted that discovery was needed with respect to some of the defenses asserted in the Defendants' Answer. See ECF No. 13. However, upon further review and analysis of the law and undisputed facts of the case, the Defendants

determined that the contract clause at issue is unenforceable as a matter of law and, as a result, discovery was unnecessary. Significantly, Plaintiff also asserted that discovery was unnecessary. See ECF No. 14, at 4-5.

2. **Plaintiff Failed to Follow Discovery Procedures Set Forth in the Federal Rules of Civil Procedure.**

The Defendants are fully aware of the language in the Scheduling Order providing that disclosures after established deadlines to which an objection is made will be excluded from evidence, and the Defendants do not intend to introduce any such testimony or evidence not already disclosed. However, to the extent Plaintiff's motion seeks to preclude any evidence beyond what is precluded by the Scheduling Order, it should be denied. More specifically, the Defendants should not be precluded from introducing evidence relating to documents requested or issues inquired into in Plaintiff's discovery requests because Plaintiff did not properly follow the discovery dispute procedures set forth in the Federal Rules of Civil Procedure.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an interrogatory or produce a document, the discovering party may move for an Order compelling the answer. *See* Fed. R. Civ. P. 37(a)(3)(B). Furthermore, to the extent there is a discovery dispute, the Federal Rules of Civil Procedure contemplate that the discovering party would confer or attempt "to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

In this matter, after submitting the initial discovery requests, Plaintiff neither made any further mention of the discovery requests, nor sought to compel answers to the discovery requests in accordance with Federal Rules of Civil Procedure. Plaintiff was aware that the matter

had been referred to a Magistrate to handle discovery disputes, and took no action. *See* ECF No. 24.

Plaintiff's allegations in the motion that the Defendants' conduct in discovery "constitutes a violation of the discovery rules," and that "Defendants are therefore subject to sanctions" are incorrect. It is the Plaintiff who has failed to comply with the discovery rules, and sanctions are appropriate under Federal Rules of Civil Procedure only when the Court grants a motion to compel and when a party fails to comply with the Court's Order. *See* Fed. R. Civ. P. 37(b). There is no order with which the Defendants have failed to comply.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion *In Limine* to Exclude Evidence Not Produced by Defendants in Discovery should be denied.

Respectfully submitted,

TAMS MANAGEMENT, INC., and
SOUTHERN COAL CORPORATION,

/s/ John F. Hussell, IV
John F. Hussell, IV - WV State Bar No. 6610
Andrew L. Ellis – WV State Bar No. 10618
John D. (Jody) Wooton, Jr. – WV State Bar No. 10512
**WOOTON, WOOTON, DAVIS, HUSSELL & ELLIS, PLLC**
105 Capitol Street, Suite 200
Post Office Box 3971
Charleston, West Virginia 25339
(304) 345-0709
Fax: (304) 345-4607
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
jody.wooton@wwdhe.com
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS K. LAMPERT, as Trustee
for the THOMAS K. LAMPERT
IRREVOCABLE TRUST,

    Plaintiff,

v.             Civil Action No. 5:15-cv-06746

TAMS MANAGEMENT, INC.,
SOUTHERN COAL CORPORATION,

    Defendants.

## CERTIFICATE OF SERVICE

  John F. Hussell, IV, Andrew L. Ellis, John D. (Jody) Wooton, Jr., and the law firm of WOOTON, WOOTON, DAVIS, HUSSELL & ELLIS, PLLC, hereby certify that **"DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE NOT PRODUCED BY DEFENDANTS IN DISCOVERY"** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants, and that a copy of said document was sent by first-class mail, postage prepaid, addressed to the following:

> Brian A. Glasser, Esquire
> Russell Soloway, Esquire
> Isaac R. Foreman, Esquire
> Bailey & Glasser LLP
> 209 Capitol Street
> Charleston, West Virginia 25301

Done this 10th day of February, 2016.

              /s/ John F. Hussell, IV