IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

THOMAS K. LAMPERT, as Trustee
for the THOMAS K. LAMPERT
IRREVOCABLE TRUST,

    Plaintiff,　　　　　　　　　　　　　　Civil Action No. 5:15-cv-6746

v.

TAMS MANAGEMENT, INC.,
SOUTHERN COAL CORPORATION,

    Defendants.

### Motion to Amend Judgment

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff Thomas K. Lampert requests that the judgment in this case be amended to reflect his damages and prejudgment interest which, as of the date of this Court's judgment, amount to **$2,454,970.99.** Plaintiff further requests that the judgment be amended to reflect the accrual of postjudgment interest at the applicable federal rate of $45.74 per day. Plaintiff's proposed judgment order is attached as Exhibit A.

### Background

On March 11, 2016, this Court entered its Memorandum Opinion and Order granting Plaintiff's Motion for Summary Judgment on all counts and denying Defendants' Motion for Summary Judgment. The Court entered judgment for the Plaintiff on March 18, 2016. For the reasons set forth below, and in accordance with Rule 59(e) of the Federal Rules of Civil Procedure, the Plaintiff requests that the judgment in this case be amended to reflect a principal amount of $2,454,970.99, plus postjudgment interest of $45.74 per day.

**As of March 18, 2016, principal and interest on the unpaid royalty amounts to $2,388,546.28.**

"In diversity cases, 'state law governs the prejudgment interest rate.'" *APAC-Carolina, Inc. v. Towns of Allendale & Fairfax, S.C.*, 868 F. Supp. 815, 827 (D.S.C. 1993) (quoting *Loft v. Lapidus*, 936 F.2d 633, 639 (1st Cir. 1991). West Virginia expressly allows for the recovery of prejudgment interest from the date on which the cause of action accrued. *See* Syl. Pt. 3, *State Farm Auto Ins. Co. v. Rutherford*, 726 S.E.2d 41 (W. Va. 2011); W. Va. Code § 56-6-27. *See also Bell v. Inland Mut. Ins. Co.*, 332 S.E.2d 127, 137 (W. Va. 1985); *Morton v. Godfrey L. Cabot, Inc.*, 134 W. Va. 55, 60, 63 S.E.2d 861, 864 (1949) ("In this jurisdiction one who withholds money from the rightful owner on the date when it should be paid is liable for interest.").

The applicable rate of pre-judgment interest, established by the West Virginia Supreme Court of Appeals, is the statutory minimum rate of seven percent (7%) per annum. *See* W. Va. Code § 56-6-31(b) (2006).[1]

The transaction at issue closed on March 11, 2013. Ninety days later, on June 9, 2013, the permits had not been transferred. Prejudgment interest therefore began to accrue on the unpaid royalty on June 10, 2013. At seven percent (7%) per annum, the interest on $2,000,000 is $383.56 per day. As of March 18, 2016, principal and interest on the unpaid royalty amounts to $2,388,546.28.

---

[1] The legislature amended this statute in 2006 by changing subsection (a) and adding subsection (b), which establishes the applicable seven percent (7%) floor. Although the *Rutherford* decision contains an extensive discussion of the rate of prejudgment interest, the court applied the 1981 version of the statute and acknowledged that § 56-6-31(b) (2006), as amended, controls the calculation of prejudgment interest on claims which accrued after the effective date of the amendment. *Rutherford*, 726 S.E.2d at 44 n.2.

**As of March 18, 2016, attorneys' fees, costs, and interest amount to $66,424.71.**

Pursuant to the Membership Interest Purchase Agreement and the Guaranty, Plaintiff is entitled to recover his reasonable costs and attorneys' fees. And while fees and costs are ordinarily not susceptible to prejudgment interest, the parties agreed that they would bear interest at the statutory rate from the date that they are incurred. *See* Guaranty, ECF No. 11-3, at ¶4. Because the Defendants' liability for attorneys' fees "arises from a substantive contractual obligation and is an integral part of the merits of the case," Rule 59 is the proper mechanism for their inclusion, rather than Rule 54(d)(2). *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1526 (11th Cir. 1987), *aff'd* 489 U.S. 169 (1989).

Up through this Court's March 18, 2016 Judgment, the Plaintiff incurred $61,735.00 in attorneys' fees, $2,452.67 in expenses, and $2,237.04 in prejudgment interest, for a total of $66,424.71.[2] Plaintiff has prepared Exhibit B, which contains both summary and detailed explanations for the calculations of costs, fees, and prejudgment interest.

While the contractual issues in this case were straightforward, counsel expended significant time investigating the facts underlying the transaction, examining the pertinent transaction documents, reviewing records concerning the transfer of the mine permits at issue, and developing a thorough understanding of the underlying facts. In addition to the factual investigation, counsel devoted substantial effort to researching the legal issues at stake in this case. Much of this research was incorporated into the briefs which were submitted in connection with the cross-motions for summary judgment.

---

[2] Because Tams Management, Inc. was not a party to the Guaranty, Plaintiff acknowledges that he is not entitled to recover the $2,237.04 in prejudgment interest on his costs and fees from Tams Management, Inc. Plaintiff therefore would not object to the entry of a separate judgment against Tams Management, Inc., to be reduced by $2,237.04. However, Plaintiff submits that such separate judgments are unnecessary, as the amount is *de minimis* in comparison to the total judgment.

3

During litigation, counsel prepared and served discovery requests in preparation for trial. Plaintiff filed a motion in limine to exclude undisclosed evidence, and retained an expert witness in order to rebut the impracticability defense asserted by Defendants in opposition to summary judgment. More recently, Plaintiff's counsel initiated the mandatory settlement meeting with Defendants, and was in the process of finalizing plans for mediation.

The total attorneys' fees in this case amount to sixty-one thousand dollars, in a case where counsel obtained plaintiff's summary judgment on a $2,000,000 royalty. While a lodestar analysis is unnecessary where attorneys' fees are available by contract, the ratio of fees to the total award reflects that the total fee is presumptively reasonable.

In considering the reasonableness of the fees, the Court should also consider Defendants' conduct. Prior to filing suit, the Plaintiff sent a demand letter which clearly outlined the Defendants' liability. *See* ECF No. 1-4. In response to this action, Defendants asserted eleven affirmative defenses. *See* ECF No. 7. Plaintiff prepared and served discovery requests targeting these defenses. *See* ECF Nos. 17, 25. Defendants never produced one scintilla of evidence to support any of their asserted defenses. *See* ECF No. 25. In response to Plaintiff's Motion for Summary Judgment, Defendants submitted a Rule 56(d) request for additional discovery, which they never conducted. *See* ECF Nos. 13, 13-1. In their most recent filing, Defendants abandoned that position, asserting instead that "the contract clause at issue is unenforceable as a matter of law and, as a result, discovery [was] unnecessary." ECF No. 26, at 2.

By their own conduct, Defendants necessitated this litigation. During litigation, they asserted defenses with no evidentiary support, postponed resolution by requesting more discovery, then abandoned that request based on their certainty that the deal they struck could not be enforced. Had the Defendants simply read and honored their clear contractual obligations,

this lawsuit would have been avoided entirely. Instead, as a direct result of Defendants' conduct, Mr. Lampert incurred $61,735.00 in attorneys' fees, $2,452.67 in expenses, and $2,237.04 in prejudgment interest, for a total of $66,424.71. For a case of this size, type, and complexity, these fees are imminently reasonable. To support the reasonableness of the fees charged in this case, Plaintiff's counsel have prepared the declarations attached as Exhibits C and D.

**Postjudgment interest accrues at the rate of $45.74 per day.**

Postjudgment interest on federal judgments "shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Federal postjudgment interest "shall be computed daily to the date of payment. . . . and shall be compounded annually" *Id.* at §1961(b). The weekly average 1-year constant maturity Treasury yield published by the Board of Governors for the week prior to the entry of Judgment is 0.68%. *See* http://www.federalreserve.gov/releases/h15/current/ (last visited March 18, 2016). At this interest rate, the post-judgment interest on $2,454,970.99 is $45.74 per day.

## Conclusion

Pursuant to the foregoing, the Plaintiff requests that the Judgment in this case be amended to reflect the liquidated amount of **$2,454,970.99**, plus daily postjudgment interest, compounded annually, at the rate of $45.74 per day.

Thomas K. Lampert, as Trustee for the
Thomas K. Lampert Irrevocable Trust,

By Counsel.

/s/ *Isaac R. Forman*
Brian A. Glasser (WV Bar #6597)
Russell M. Soloway (Admitted *Pro Hac Vice*)
Isaac R. Forman (WV Bar #11668)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
bglasser@baileyglasser.com
rsoloway@baileyglasser.com
iforman@baileyglasser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**THOMAS K. LAMPERT, as Trustee
for the THOMAS K. LAMPERT
IRREVOCABLE TRUST,**

      **Plaintiff,**                                 Civil Action No. 5:15-cv-6746

v.

**TAMS MANAGEMENT, INC.,
SOUTHERN COAL CORPORATION,**

      **Defendants.**

### Certificate of Service

The undersigned certifies that on March 22, 2016, the foregoing **Motion to Amend Judgment** was served using the Court's CM/ECF System, which will notify the following counsel of record:

    John F. Hussell, IV
    Andrew L. Ellis
    John D. Wooten, Jr.
    Wooten, Wooten, David, Hussell & Ellis, PLLC
    P. O. Box 3971
    Charleston, West Virginia 25339

                                                          */s/ Isaac R. Forman*
                                                          Isaac R. Forman